IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :          CRIMINAL ACTION
                                  :
              v.                  :
                                  :
CARLOS TERRY                      :          NO. 92-119

MEMORANDUM

Bartle, J.                                        September 7, 2021

The court has before it the motion of defendant Carlos
Terry, acting pro se, to reduce his sentence and grant
compassionate release under 18 U.S.C. § 3582(c)(1)(A).

I

On October 4, 1994, a jury convicted defendant of one
count of conspiracy to distribute cocaine (21 U.S.C. § 846), one
count of distribution of cocaine (21 U.S.C. § 841(a)(1)), three
counts of use of a telephone to facilitate a drug felony (21
U.S.C. § 843(b)); one count of use of a firearm during a drug
trafficking crime (18 U.S.C. § 924(c)); and one count of
possession of a firearm by a convicted felon (18 U.S.C.
§ 922(g)(1)).  These charges stem from defendant's involvement
in a cocaine trafficking ring in Philadelphia from 1989 through
1991.

At his sentencing on January 5, 1995, the court
determined that defendant was a career offender based on his two
prior convictions for a crime of violence.  The court sentenced

defendant to 480 months imprisonment to be followed by five years of supervised release.  The Court of Appeals affirmed. See United States v. Terry, 72 F.3d 125 (3d Cir. 1995).  On July 24, 1997, upon the motion of defendant to vacate and set aside his sentence under 28 U.S.C. § 2255 and in light of the Supreme Court decision in Bailey v. United States, 516 U.S. 137 (1995), the court vacated defendant's conviction under 18 U.S.C. § 924(c) for use of a firearm during a drug trafficking crime and vacated the accompanying 120-month sentence on that count. See United States v. Terry, 1997 WL 438831 (E.D. Pa. July 24, 1997).  Defendant's sentence was therefore reduced to 360 months.[1]

Defendant has served over 325 months of his term and has credit for good conduct time of approximately 45 months. His earliest possible release date is April 17, 2022 at which point he is set to begin supervised release.  On April 20, 2021 he was transferred to a halfway house where he is currently serving his sentence.  He will be eligible for transfer to home confinement beginning October 17, 2021.

---

1.   However, defendant was also convicted of escape in violation of 18 U.S.C. § 751 based on his escape from federal custody prior to his trial in this matter.  For that conviction defendant was sentenced by a different judge on February 23, 1995 to a consecutive 30-month term.  See Criminal Action No. 94-305-1.  This brought his total sentence in federal custody to 390 months imprisonment.

II

Defendant's motion for compassionate release relies on 18 U.S.C. § 3582(c)(1)(A) as recently amended by the First Step Act.  That statute provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1)  in any case—
> (A)   the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i)  extraordinary and compelling reasons warrant such a reduction
> . . .
>
> and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Defendant has exhausted his administrative remedies. Therefore the court turns to the elements that a defendant has the burden to meet under § 3582(c)(1)(A)(i) to obtain a reduction in sentence.  This section provides that a court may order release for "extraordinary and compelling reasons" but

only if the reduction in sentence is "consistent with applicable
policy statements of the Sentencing Commission."

Congress has also enacted 28 U.S.C. § 994(t) which
provides:

> The Commission, in promulgating general
> policy statements regarding the sentencing
> modification provisions in section
> 3582(c)(1)(A) of title 18, shall describe
> what should be considered extraordinary and
> compelling reasons for sentence reduction,
> including the criteria to be applied and a
> list of specific examples.  Rehabilitation
> of the defendant alone shall not be
> considered an extraordinary and compelling
> reason.

The application note 1(A) of section 1B1.13 of the Sentencing
Guidelines explains that "extraordinary and compelling reasons"
exist where the defendant is:  (1) "suffering from a terminal
illness" including among others "advanced dementia";
(2) "suffering from a serious physical or medical condition";
(3) "suffering from a serious functional or cognitive
impairment"; or (4) "experiencing deteriorating physical or
mental health because of the aging process."  The latter three
grounds also require that the impairment "substantially
diminishes the ability of the defendant to provide self-care
within the environment of a correctional facility and from which
he or she is not expected to recover."

There are also age related and family circumstances
under application notes 1(B) and (C) of section 1B1.13 that can

serve as a basis to reduce a sentence, as well as a catchall
provision.  This catchall provision states that a sentence may
be reduced where "[a]s determined by the Director of the Bureau
of Prisons, there exists in the defendant's case an
extraordinary and compelling reason other than, or in
combination with, the reasons described in subdivisions (A)
through (C)."

Our Court of Appeals recently held in United States v.
Andrews that a district court is not bound by the Commission's
policy statement in determining what is an extraordinary and
compelling reason.  2021 WL 3852617, ___ F. 4th ___, at *3 (3d
Cir. 2021).  However, the court may look to the policy statement
as a guide, even if it is not ultimately binding.  Id. at *4.

III

Defendant avers that a change in the Sentencing
Guidelines that altered the career offender designation is an
extraordinary and compelling reason to reduce his sentence and
grant compassionate release.  Defendant argues that had he been
sentenced today he would not have been designated as a career
offender and thus his sentence would have been shorter.
Defendant asserts that this extraordinary and compelling reason,
together with his rehabilitation efforts, merits compassionate
release.  Defendant also raises for the first time in his reply
in support of this motion that his age, 67, and an underlying

5

medical condition put him at risk of contracting COVID-19 from
the spread of the Delta variant of the coronavirus.

The Government concedes that one of defendant's two
prior convictions for assault would no longer qualify as a crime
of violence but argues instead that the change in law in the
career offender provision does not apply retroactively.  It also
asserts that defendant's sentence today would likely be longer
than 360 months because Congress amended § 924(c) after the
Supreme Court's decision in <u>Bailey</u>.  The Government alleges that
defendant would therefore be subject to a mandatory 10-year
sentence under § 924(c) were he sentenced today.  The Government
further avers that defendant's history of violence would warrant
a career offender designation today regardless of whether the
Guidelines apply.  Finally, the Government asserts that
defendant's sentence should not be reduced because he is serving
in a less-restrictive confinement in a halfway house and will
shortly be transitioning to home confinement in October.

This court finds that defendant has failed to meet his
burden to establish an extraordinary and compelling reason
warranting a reduced sentence and compassionate release.  Our
Court of Appeals held in <u>United States v. Andrews</u> that "[t]he
duration of a lawfully imposed sentence does not create an
extraordinary and compelling circumstance."  2021 WL 3852617, __
F. 4th ___, at *4 (3d Cir. 2021).  It affirmed the reasoning of

the district court that changes in the sentencing law and duration of sentence could not be extraordinary and compelling reasons warranting a reduction in sentence.[2]

Defendant's argument that his career offender designation would be different were he sentenced today, even if true, does not establish an extraordinary and compelling reason to reduce his sentence.  His sentence was lawful when imposed.  Any subsequent changes to the Sentencing Guidelines that may affect a situation like defendant's were not applied retroactively.

Defendant's claim raised for the first time in his reply brief that he should be granted compassionate release based on his age and the threat of COVID-19 likewise fails to establish an extraordinary and compelling reason.  The court is, of course, mindful of the devastating worldwide pandemic and the special dangers the highly contagious coronavirus, including its Delta variant, poses for defendant and all others in prison.  However, the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that make them

---

2.   We note that our Court of Appeals stated in Andrews that "if a prisoner successfully shows extraordinary and compelling circumstances, the current sentencing landscape may be a legitimate consideration for courts at the next step of the analysis when they weigh the § 3553(a) factors."  Andrews, 2021 WL 3852617, at *5.  However, the court does not reach this next step because defendant has not presented an extraordinary and compelling reason for a reduction in sentence.

more susceptible to the disease.  See United States v. Roeder,
2020 WL 1545872, at *3 (3d Cir. Apr. 1, 2020).  The Bureau of
Prisons has in place protocols to deal with this disease,
including vaccinations, and the Attorney General has issued two
directives to the Bureau of Prisons concerning early release of
inmates.

Defendant did not identify any underlying medical
condition or provide any medical records of such to the court.
The court acknowledges that the CDC has found age to be a risk
factor of more serious cases of COVID-19.  However, defendant
has failed to show he is at any greater threat of contracting
COVID-19 in his current situation than the general public.  See
e.g., United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).
Defendant is no longer incarcerated in prison but rather is
currently at a halfway house.  He is eligible to be released in
October to home confinement.  Thus, defendant's age and the
generalized threat of the COVID-19 pandemic to the public is not
an extraordinary and compelling reason for granting
compassionate release.

IV

The court must also consider the factors under
18 U.S.C. § 3553(a) when deciding whether to grant compassionate
release under § 3582(c)(1)(A).  Defendant argues that the court
should give substantial weight to his rehabilitation while

8

incarcerated when evaluating the § 3553(a) factors.  These
factors include:  "the nature and circumstances of the offense
and the history and characteristics of the defendant"; "the need
for the sentence imposed . . . to reflect the seriousness of the
offense, to promote respect for the law, and to provide just
punishment for the offense"; "the need for the sentence imposed
. . . to afford adequate deterrence to criminal conduct"; and
"the kinds of sentences available."  See 18 U.S.C. § 3553(a).

          Defendant avers that he has maintained clear conduct
for several years and has been a model inmate, as evidenced by
his release to a halfway house.  He claims he has received
excellent work evaluations, has completed multiple classes, and
has maintained a steady job while incarcerated.  Defendant
states that he is working on securing employment following his
release and regaining family ties with his children.  He pledges
to be a positive and productive member of society upon release.

          The court commends defendant for his good behavior in
prison and the work he has accomplished while incarcerated.
Nonetheless, the court does not weigh his achievements under
§ 3553(a) unless it has first found an extraordinary and
compelling reason for compassionate release.  The court, as
noted above, has not found such an extraordinary and compelling
reason.  In addition, under 28 U.S.C. § 994(t), Congress has
made it clear:  "[r]ehabilitation of the defendant alone shall

9

not be considered an extraordinary and compelling reason" for compassionate release.

V

The court, taking all the relevant facts into account and arguments for a reduction in sentence, finds that Carlos Terry has not met his burden in establishing any extraordinary and compelling reason that warrant his entitlement to compassionate release.  Accordingly, the court will deny the motion of defendant to reduce his sentence and grant compassionate release under 18 U.S.C. § 3582(c)(1)(A).