```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :    CRIMINAL ACTION
                                :
          v.                    :
                                :
CARLOS TERRY                    :    NO. 92-119-7
```

<u>MEMORANDUM</u>

Bartle, J.                                              July 22, 2024

      Before the Court is the letter motion of defendant Carlos Terry for early termination of his supervised release.

      Terry was found guilty by a jury in Criminal Action No. 92-119-7 of: one count of Conspiracy to distribute cocaine (21 U.S.C. § 846); one count of distribution of cocaine (21 U.S.C. § 841(a)(1)); three counts of use of a telephone to facilitate a drug felony (21 U.S.C. § 843(b)); one count of carrying and using a firearm during and in relation to a drug trafficking crime (18 U.S.C. § 924(c)); and one count of possession of a firearm by a convicted felon (18 U.S.C. § 924(g)(1)).

      Terry was in Criminal History Category VI. On January 5, 1995, the court sentenced him to 480 months of imprisonment to be followed by 5 years on supervised release. As a result of his later motion under 28 U.S.C. § 2255, the court, on August

16, 2000 reduced his sentence to 360 months.  His term of supervised release remained unchanged.

While awaiting trial in the above case, Terry escaped from federal custody.  Thereafter, he pleaded guilty to that crime, (18 U.S.C. § 751(a)), in Criminal Action No. 94-305-1.  On February 24, 1995, he received a sentence of 30 months, plus three years of supervised release.  This sentence was ordered to run consecutively to the sentence imposed on January 5, 1995.

Terry has completed his custodial sentences in both cases but is still serving his term of supervised release in Criminal Action No. 92-119-7.  Since his release from prison, he participated in and successfully completed this court's reentry program.  As a result, this court, on June 18, 2024,  reduced his time on supervised release by one year.  His supervised release is now scheduled to expire on April 14, 2026.

Terry argues in support of his motion for early termination of his supervised release that he is "not able to exercise full citizenship" under the present circumstances.  He has authored a book entitled "Misguided Life The Wrong Turn," as a result of which he may need to travel out of the Eastern District to promote it.  He also maintains that he has started a "non-profit" organization which again may require travelling abroad.  His letter motion also talks about his launching a

campaign "To[o] Young to Die" and "giving service to community groups." Finally, he would like to apply for a passport.

> 18 U.S.C. § 3583(e)(1) provides:
>
> (e) Modification of conditions or revocation. The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>
>> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

The factors outlined in § 3553(a) which the court must consider are:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020).

A term of supervised release is almost always a component of any sentence where imprisonment is imposed. See 18 U.S.C. § 3583; U.S. Sentencing Guidelines § 5D.1.1.  In contrast to imprisonment, "the primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them."  United States v. Murray, 692 F.3d 273, 280 (3d Cir. 2012)(quoting United States v. Albertson, 645 F.3d 191, 197 (3d Cir. 2011)). Supervised release is designed to fulfill "rehabilitative ends, distinct from those served by incarceration."  United States v. Johnson, 529 U.S. 53, 59 (2000). Accordingly, when considering a modification or termination of supervised release, the court does not consider the sentencing factors outlined in § 3553(a)(2)(A): "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  See § 3583(e).

Our Court of Appeals has made clear that, while the district court does not need to find "an exceptional, extraordinary, new, or unforeseen circumstance" in order to modify or terminate a person's supervised release, the court is entitled to exercise its sound discretion in deciding whether to do so.  Melvin, 978 F.3d at 53.  The court must consider the

factors found in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), but it need not make specific findings as to each.  Id. at 52-53.

   The Court commends Terry for the great strides he has made in becoming a useful and productive citizen.  The undersigned was also pleased to be able to be present at his Reentry Court graduation a short time ago and to sign the order reducing his supervised release by one year.  The court, however, cannot put aside his significant criminal history and particularly the number and the severity of the crimes for which he was convicted in Criminal Action No. 92-119-7.  After considering the relevant factors under § 3553(a), it is not in the interest of justice to grant his motion for early termination of his supervised release.